# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# NEW ALBANY DIVISION

| | |
|---|---|
| RONALD DAVID FOSNIGHT, II, and ) <br> PARAKLESE TECHNOLOGIES, LLC, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ROBERT JONES Individually and in his Official ) <br> Capacity, ) <br> BRADLEY LEVERITT Individually and in his ) <br> Official Capacity, ) <br> CORY GOLDSTEIN Individually and in his ) <br> Official Capacity, ) <br> [FNU] ANASTASIO Agent, Individually and in ) <br> his Official Capacity, ) <br> UNKNOWN AGENTS OF THE BUREAU OF ) <br> ALCOHOL, TOBACCO, FIREARMS, AND ) <br> EXPLOSIVES Individually and in their Official ) <br> Capacity, ) <br> UNKNOWN SUPERVISORS OF THE BUREAU ) <br> OF ALCOHOL, TOBACCO, FIREARMS, AND ) <br> EXPLOSIVES Individually and in their Official ) <br> Capacity, and ) <br> THE BUREAU OF ALCOHOL, TOBACCO, ) <br> FIREARMS, AND EXPLOSIVES, ) <br> ) <br> Defendants. ) | Case No. 4:20-cv-00119-TWP-DML |

## ENTRY GRANTING PLAINTIFFS LEAVE TO AMEND COMPLAINT AND DENYING DEFENDANTS' MOTION TO DISMISS AS MOOT

This matter is before the Court on Plaintiffs Ronald David Fosnight II's ("Fosnight") and Paraklese Technologies, LLC's ("Paraklese") (collectively, "Plaintiffs") Motion for Leave to File Amended Complaint, (Filing No. 15). Defendants Robert Jones, Bradley Leveritt, Cory Goldstein, and "FNU"[1] Anastasio, Unknown Agents of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), Unknown Supervisors of the ATF, all in their individual and official

---

[1] First Name Unknown.

capacities, and the ATF itself (collectively, "Defendants") oppose the Motion, arguing the Amended Complaint is futile. (Filing No. 17). For the reasons stated below, the Court finds it is in the interest of justice to **grant** Plaintiffs' motion for leave. Accordingly, Defendants' Motion to Dismiss (Filing No. 10) is **denied as moot**.

## I.    DISCUSSION

"Federal Rule of Civil Procedure 15 provides that, as a general rule, a court 'should freely give leave [to amend] when justice so requires.'" *Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015) (quoting Fed. R. Civ. P. 15(a)(2)). "The Supreme Court has interpreted [Rule 15(a)(2)] to require a district court to allow amendment unless there is a good reason—futility, undue delay, undue prejudice, or bad faith—for denying leave to amend." *Life Plans, Inc. v. Sec. Life of Denver Ins. Co.*, 800 F.3d 343, 357-58 (7th Cir. 2015) (citing *Foman v. Davis*, 371 U.S. 178, 182–83 (1962)). "Whether to grant or deny leave to amend is within the district court's discretion." *Campbell v. Ingersoll Milling Machine Co.*, 893 F.2d 925, 927 (7th Cir. 1990).

Paraklese manufactures "solvent traps"[2] for firearms in addition to other firearm-related accessories. (Filing No. 1 at 8). On June 2, 2020, Plaintiffs initiated the instant action against the Agents and Supervisors of the ATF, and the ATF itself, asserting Fourth and Fifth Amendment violations following a June 2017 "raid" of the Parkalese facility seizure of Paraklese solvent trap inventory. (Filing No. 1)[3]. On September 21, 2020, Defendants moved to dismiss this case (Filing

---

[2] Solvent traps are devices used in conjunction with firearms to prevent loss of solvent from a weapon's barrel during the cleaning process. Solvent traps also reduce the mess that results from cleaning and lubricating the barrel of a firearm. Solvent traps can be converted into mufflers or silencers (Filing No. 1 at 7–8).

[3] On June 19, 2019, Plaintiffs filed a complaint in a separate case against the same Defendants here, in their individual and official capacities. *See Fosnight v. Jones, et* al, No. 4:19-cv-00134-JMS-DML (S.D. Ind. Dec. 4, 2019) ("*Fosnight I*"). In *Fosnight I*, Plaintiffs alleged Fourth and Fifth Amendment violations for the 2017 raid at issue here and asserted claims under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). The Defendants filed a motion to dismiss in *Fosnight I*, which the Court granted on December 4, 2019, dismissing Plaintiffs' claims with prejudice. Plaintiffs appealed the trial court's decision, and their appeal is currently being considered by the Seventh Circuit.

No. 10). Plaintiffs filed a Response to the motion to dismiss on October 12, 2021, and imbedded within Plaintiffs' Response was an improper request for leave to amend their Complaint in violation of this Court's local rules (Filing No. 12 at 10). The Defendants replied on October 19, 2020. (Filing No. 13).

On May 27, 2021, this Court issued an Order granting Plaintiffs seven days to file a motion for leave to amend complaint which complies with the Local Rules and the Federal Rules of Civil Procedure (Filing No. 14). Thereafter, on June 3, 2021, Plaintiffs filed the instant Motion for Leave to File Amended Complaint (Filing No. 15). Plaintiffs seek leave to amended arguing they should be "afforded the opportunity to address any alleged deficiencies" in the original complaint. (Filing No. 12 at 9). Defendants filed a Response in Opposition to Plaintiffs' Motion for Leave to Amend Complaint on June 10, 2021, and incorporated by reference its brief in support of the Motion to Dismiss (Filing No. 17). Defendants argue:

> In their proposed Amended Complaint, Plaintiffs bring both constitutional and common law torts against the United States. But Plaintiffs brought similar claims in their original Complaint, which Defendants argued were subject to dismissal. [See generally Filing Nos. 10- 11, 13.] In fact, the only significant, substantive differences between Plaintiffs' original Complaint and their proposed Amended Complaint are the naming of the United States as the sole Defendant, the addition of paragraph 27 in the factual section of the proposed amendment, and the purported omission of Counts I, II, and IV in the amendment (though, as set forth below, Count I is merely subsumed into the sole count in the amendment). [Compare Filing No. 1, with Filing No. 15-1.
>
> Except for naming the United States, these other changes do nothing to remedy the deficiencies noted in Defendants' Motion to Dismiss. Accordingly, Plaintiffs' proposed Amended Complaint would not survive a motion to dismiss, making Plaintiffs' attempt to amend futile.

*Id*. at 3. Defendants then go on to explain why each of the claims would be subject to dismissal. *Id*. at 3–14.

Although Defendants opposition is well taken, the Court does not find undue prejudice to Defendants by virtue of allowance of the amendment, and giving Plaintiffs the benefit of the doubt and an opportunity to respond to a motion to dismiss the Amended Complaint is the more prudent approach. Defendants can substantially rely on arguments they have already briefed and written, as they have recognized that many of the claims in the Amended Complaint remain the same as before. Accordingly, in the interest of justice and in the Court's discretion, Plaintiffs leave to file the Amended Complaint is **granted**. The Amended Complaint (Filing No. 15-1), is now the operative complaint effective the date of this Order.

## II. CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiffs' Motion for Leave to File Amended Complaint, (Filing No. 15). The Defendants' Motion to Dismiss (Filing No. 10) is **DENIED as moot**. The Court does not intend to allow any further amendments of the complaint. Defendants may proceed in motions practice as they see fit relating to Plaintiff's Amended Complaint.

Date: September 27, 2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

John Andrew Goodridge
JOHN ANDREW GOODRIDGE LAW OFFICE
jagoodridge@jaglo.com

Gina M. Shields
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
Gina.Shields@usdoj.gov