UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| RONALD DAVID FOSNIGHT, II, and<br>PARAKLESE TECHNOLOGIES, LLC,<br><br>     Plaintiffs,<br><br>     v.<br><br>THE UNITED STATES OF AMERICA,<br><br>     Defendant. | )<br>)<br>)<br>)<br>)<br>)  Case No. 4:20-cv-00119-TWP-DML<br>)<br>)<br>)<br>) |

**ORDER GRANTING MOTION TO DISMISS AMENDED COMPLAINT**

This matter is before the Court on a Motion to Dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) by Defendant the United States of America (the "United States") (Filing No. 21). Plaintiffs Ronald David Fosnight, II ("Fosnight"), and his company, Paraklese Technologies, LLC ("Paraklese") (together, "Plaintiffs") filed this lawsuit asserting claims under the Federal Tort Claims Act ("FTCA") following the search and seizure of Plaintiffs' property by the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"). The United States asserts that Plaintiffs' claims are not actionable under the FTCA, are insufficiently pleaded, and are exempt from the FTCA's coverage. Because this Court lacks subject matter jurisdiction, the United States' Motion is **granted**.

### I.     BACKGROUND

The following facts are not necessarily objectively true, but as required when reviewing a motion to dismiss, the Court accepts as true all factual allegations in the complaint and draws all inferences in favor of Plaintiffs as the non-moving party. *See Bielanski v. Cnty. of Kane*, 550 F.3d 632, 633 (7th Cir. 2008).

Paraklese manufactures solvent traps[1] and other firearm accessories (Filing No. 19 at ¶ 16). Paraklese's solvent traps are capable of being converted into firearm silencers. *Id*. When Paraklese began operations in 2016, ATF Agents advised Fosnight that Paraklese's solvent traps were not classifiable as silencers under federal law. *Id.* at ¶ 18. On June 20, 2017, ATF Agents and Indiana State Police officers searched Paraklese's facility and seized $21,000 worth of inventory, including its solvent traps. *Id.* at ¶¶ 19, 21. The ATF Agents stated they were acting pursuant to a "sealed warrant" and that the ATF had published a "Determination Letter" stating that the "index markers" on Paraklese's solvent traps caused them to be classified as silencers. *Id.* at ¶ 22. Despite Fosnight's multiple requests during the search and over the course of the next two years, the ATF never produced a copy of the Determination Letter. *Id.* at ¶ 25, 29, 32–34.

The ATF's search lasted approximately two and a half hours. *Id.* at ¶ 25. Throughout the search, the ATF Agents persistently questioned Fosnight without first advising him of his *Miranda* rights and repeatedly discouraged him from continuing Paraklese's operations. *Id.* at ¶¶ 25–26. The ATF Agents threatened that if Fosnight continued manufacturing and selling solvent traps, they would return, and Fosnight would lose his Federal Firearm License. *Id.* at ¶ 26.

A few weeks later, on July 12, 2017, one of the ATF Agents visited a machinist shop that manufactured Paraklese's solvent traps. *Id.* at ¶ 30. Following the visit, the machinist shop refused to continue working with Plaintiffs. *Id.* Plaintiffs have been unable to contract with another machinist shop to perform services at a similar rate. *Id.* at ¶ 31. Fosnight also alleges that "rumors" related to the ATF raid have harmed Paraklese's business. *Id.* at ¶ 31.

---

[1] Solvent traps are firearm accessories that prevent the loss of solvent from the firearm's barrel during cleaning (Filing No. 1 at ¶ 16).

On June 19, 2019, Plaintiffs filed a complaint in a separate case in this Court against several ATF Agents. *See Fosnight v. Jones, et al.*, No. 4:19-cv-00134-JMS-DML (S.D. Ind. Dec. 4, 2019) ("*Fosnight I*").[2] In *Fosnight I*, Plaintiffs asserted claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) ("*Bivens*") for alleged violations of the Fourth and Fifth Amendments. The *Fosnight I* defendants filed a motion to dismiss, and the Court dismissed Plaintiffs' claims with prejudice on December 4, 2019. Plaintiffs' appealed the dismissal, and the appeal is still pending.

On June 2, 2020, Plaintiffs initiated this action naming the same defendants as in *Fosnight I*, asserting claims under the FTCA for "constitutional violations and constitutional torts" (Filing No. 1 at 2). On September 21, 2020, the then-defendants moved to dismiss the Complaint, arguing in part that Plaintiffs were attempting to relitigate their *Bivens* claims (Filing No. 10). Plaintiffs then requested leave to amend their Complaint, which the Court granted (Filing No. 15; Filing No. 18). On September 27, 2021, Plaintiffs filed their Amended Complaint asserting negligence and gross negligence claims under the FTCA (Filing No. 19). The United States seeks dismissal of the Amended Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint that has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss under Rule 12(b)(6), the court accepts as true all factual allegations

---

[2] The Court may take judicial notice of Plaintiffs' Complaint in *Fosnight I* and its dismissal without converting the United States' Motion to a motion for summary judgment. *Watkins v. United States*, 854 F.3d 947, 950 (7th Cir. 2017) (noting that in considering a motion to dismiss, courts may take judicial notice of facts readily ascertainable from public court records, including existence and timing of complaint in separate litigation).

in the complaint and draws all inferences in favor of the plaintiff. *Bielanski*, 550 F.3d at 633. However, courts "are not obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Bell Atlantic Corp. v. Twombly*, the United States Supreme Court explained that the complaint's allegations must " raise a right to relief above the speculative level." 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Id.*; *see also Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009) ("[I]t is not enough to give a threadbare recitation of the elements of a claim without factual support"). The allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citation and quotation marks omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

Although the United States seeks dismissal only under Rule 12(b)(6), dismissal under Rule 12(b)(1) for lack of jurisdiction may also be appropriate. Fed. R. Civ. P. 12(b)(1). By arguing Plaintiffs' claims are not actionable under the FTCA, the United States has invoked sovereign immunity. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). The FTCA waives sovereign immunity as to certain tort claims. 28 U.S.C. § 1346(b). "In most cases, a plaintiff's failure to state a claim

under Rule 12(b)(6) does not deprive a federal court of subject-matter jurisdiction." *Brownback v. King*, 141 S. Ct. 740, 749 (2021). But "in the unique context of the FTCA, all elements of a meritorious claim are also jurisdictional." *Id.* Therefore, if Plaintiffs fail to sufficiently plead an FTCA claim under Rule 12(b)(6), then the United States retains sovereign immunity, and the Court lacks subject-matter jurisdiction. In such cases, "the district court may dismiss the claim under Rule 12(b)(1) or Rule 12(b)(6). Or both. The label does not change the lack of subject-matter jurisdiction, and the claim still fails on the merits because it does not state a claim upon which relief can be granted." *Id.* at 749, n.8.

## II.   DISCUSSION

The United States contends that dismissal is required for several reasons. In particular, they argue that Plaintiffs' negligence and gross negligence claims are not actionable under the FTCA, the claims are insufficiently pleaded, and are barred by the FTCA's "detention of goods" exception and not subject to any re-waiver. In addition, the United States argues the Plaintiffs are barred from asserting any intentional tort claims and from recovering punitive damages under the FTCA. The United States first argument—that Plaintiffs' negligence and gross negligence claims are, in substance, constitutional tort claims alleging violations of the Fourth and Fifth Amendments, which are not cognizable under the FTCA—presents a threshold question of sovereign immunity and is dispositive of Plaintiffs' claims, so the Court will not (and lacks jurisdiction to) address the remaining arguments.

> The FTCA waives sovereign immunity and permits plaintiffs to assert claims
>
> '[1] against the United States, [2] for money damages, . . . [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his employment, [6] *under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred*.'

*Meyer*, 510 U.S. at 477 (alterations and omission in original) (emphasis added) (quoting 28 U.S.C. § 1346(b)). The United States contends Plaintiffs have not sufficiently alleged the sixth element of an FTCA claim. The Supreme Court has explained that the FTCA's "reference to the 'law of the place' means law of the State—the source of substantive liability under the FTCA." *Id.* (quoting 28 U.S.C. § 1336(b)). In other words, the FTCA waives immunity only as to tort claims arising under state law. *Meyer*, 510 U.S. at 477–78. And because "federal law, not state law, provides the source of liability for a claim alleging the deprivation of a federal constitutional right," constitutional tort claims are not cognizable under § 1346(b). *Id.* at 478. ("[T]he United States simply has not rendered itself liable under [the FTCA] for constitutional tort claims."). *Id.*

Plaintiffs' Amended Complaint is largely the same as their *Bivens* Complaint in *Fosnight I*, except for the removal of references to "constitutional torts," and the addition of references to "negligence" and "gross negligence," and a recitation of the elements of a common law negligence claim[3] (Filing No. 1 at p. 1, ¶¶ 3–4,10, 46–54). Although Plaintiffs may pursue both *Bivens* and FTCA actions based on the same government misconduct, their FTCA action must identify a state law tort claim separate and distinct from a constitutional tort claim actionable under *Bivens*. *Manning v. United States*, 546 F.3d 430, 431 (7th Cir. 2008) ("If a federal law enforcement officer commits a tort, the victim has two distinct avenues of relief: he may pursue a constitutional tort claim against the individual officer under *Bivens* . . . , or he may pursue a common law tort claim against the United States pursuant to the Federal Tort Claims Act."). Here, Plaintiffs have not identified a distinct state law tort claim.

---

[3] Plaintiffs also add allegations regarding the United States' "established policy, custom, and practice" (Filing No. 19 at 4–5, 47), which are not required to plead tort claims under the FTCA and are instead required to plead municipal liability for constitutional violations under 42 U.S.C. § 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

Plaintiffs argue they have sufficiently pleaded state law claims for negligence and gross negligence by alleging the ATF owed Plaintiffs "a duty to perform its constitutional duties without violating the Fourth and Fifth Amendments," that it "violated and breached this duty when it conducted the search in violation of the Fourth and Fifth Amendments," and that ATF's breach caused a deprivation of Plaintiffs' constitutional right to property and their "freedom to operate a lawful business" (Filing No. 25 at 10).[4] The United States responds that despite formulating their claims as state law claims, Plaintiffs have premised their claims on constitutional violations, which are not actionable under the FTCA. The Court agrees with the United States.

Constitutional duties do not give rise to liability under the FTCA. The FTCA "applies to torts, as defined by state law—that is to say, 'circumstances where the United States, *if a private person*, would be liable" under state law—and "[t]he Constitution governs the conduct of public officials, not private ones." *Linder*, 937 F.3d at 1090; *see Hutchinson v. State*, 477 N.E.2d 850, 853 (Ind. 1985) ("The state and federal constitutional provisions do not apply to unauthorized acts of private citizens."); *see also Smith v. United States*, 678 F. App'x 403, 406 (7th Cir. 2017) (citing *Meyer*, 510 U.S. at 477–78) ("[T]o the extent Smith asserts that she can state a claim under the FTCA for a violation of her due process rights, she is mistaken.").

Plaintiffs' claims are clearly constitutional tort claims and are therefore not actionable under the FTCA (Filing No. 1 at ¶¶ 2–4, 49–51; Filing No. 25 at 10–11). *See, e.g.*, *Boulduc v. United States*, 402 F.3d 50, 57 (1st Cir. 2005) (rejecting FTCA negligence claim based on *Brady* violation because "appellants have not pointed to any instance in which Wisconsin has imposed *private* liability . . . for a failure to disclose exculpatory evidence." (emphasis in original)); *Popovic*

---

[4] Plaintiffs filed their response to the United States' Motion in duplicate, Filing No. 25 and Filing No. 26. The Court will cite only one of them, that being Filing No. 25.

*v. United States*, 175 F.3d 1015 (Table), at *6 (4th Cir. 1999) ("While he cloaks the claims in terms of negligence, they clearly are claims that his investigation was not conducted fairly. As such, they are constitutional claims: (1) that federal law controls; and (2) for which a private person (who is not acting under color of state law) would not be liable."); *Orellana v. United States*, No. DKC 20-0845, 2021 WL 1251888, at *3, n.4 (D. Md. Apr. 5, 2021) ("Plaintiff's claims for negligence and gross negligence are claims for excessive force in effecting a seizure. Thus, in reality, such claims assert constitutional torts under the Fourth Amendment and are not merely common law torts as Plaintiff labels them."); *Nieves v. United States*, 261 F. Supp. 3d 272, 276 (D.P.R. 2015) ("The remaining plaintiffs cite no authority suggesting that the manner in which the agents executed the valid arrest warrant was tortious under Puerto Rico law and would result in private liability …. [so] their FTCA claims are dismissed."); *Truesdale v. United States Dep't of Justice*, 657 F. Supp. 2d 219, 229 (D.D.C. 2009) ("According to plaintiff, defendants' negligence amounts to the violation of rights protected under the First, Fourth, Fifth, Sixth, Seventh, Eighth and Thirteenth Amendments to the United States Constitution. Because the FTCA does not waive liability for constitutional torts, plaintiff's FTCA claim cannot survive the defendants' motion to dismiss.").

Plaintiffs do not offer any other theory on which their claims might prevail. "[W]hen presented with a motion to dismiss, the non-moving party must proffer some legal basis to support his cause of action." *Stransky v. Cummins Engine Co.*, 51 F.3d 1329, 1335 (7th Cir. 1995). Although district courts must consider whether a plaintiff could prevail under any legal theory, "[t]he federal courts will not invent legal arguments for litigants." *Id.*; *see Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999) ("Our system of justice is adversarial, and our judges are busy people. If they are given plausible reasons for dismissing a complaint, they are not going to do the plaintiff's research and try to discover whether there might be something to say

against the defendants' reasoning."); *United States v. Hook*, 195 F.3d 299, 310 (7th Cir. 1999) ("A party's failure to develop an argument constitutes a waiver of that claim, as '[i]t is not the obligation of this court to research and construct the legal arguments open to parties, especially when they are represented by counsel.'") (quoting *Kauthar SDN BHD v. Sternberg*, 149 F.3d 659, 668 (7th Cir. 1998)).  "[Plaintiffs] did not take advantage of [their] opportunity to brief [any] additional theories to the district court in [their] memorandum in opposition to [the] motion to dismiss, and [their] failure to do so results in waiver." *Farnham v. Windle*, 918 F.2d 47, 51 (7th Cir. 1990).

Because Plaintiffs' claims are not cognizable under the FTCA, their Amended Complaint must be dismissed for lack of subject-matter jurisdiction.

### III.   CONCLUSION

For the reasons stated above, the Court **GRANTS** the United States' Motion to Dismiss. ([Filing No. 21](#)).Plaintiffs' claims are **dismissed without prejudice**.  Final judgment will issue under separate order.

**SO ORDERED.**

Date: 7/8/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

John Andrew Goodridge
JOHN ANDREW GOODRIDGE LAW OFFICE
jagoodridge@jaglo.com

Gina M. Shields
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
Gina.Shields@usdoj.gov